UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-129

SUSAN JOHNSON and KEVIN JOHNSON, as
Co-Administrators of the Estate of A.J., deceased, and
SUSAN JOHNSON, individually and
KEVIN JOHNSON, individually                                           PLAINTIFFS

v.

BAD BOY ENTERPRISES, LLC,
d/b/a BAD BOY BUGGIES                                                  DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Partial Judgment on the Pleadings (Docket #16). Plaintiffs have responded (Docket #19). Defendant has not replied. This matter is now ripe for adjudication. The Court being sufficiently advised, Defendant's Motion is DENIED.

### STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.

2001)).  Legal conclusion and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).  "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'"  *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## ANALYSIS

Plaintiffs Susan and Kevin Johnson filed suit against Defendant Bad Boy Enterprises after their son, A.J., was killed as a result of an accident on a buggy manufactured by Bad Boy Enterprises.  A.J. died on July 15, 2008.  Susan and Kevin Johnson filed their complaint, which alleges loss of consortium as Count VII, on July 10, 2009.  The summons was issued on July 10, 2009.  During the week of July 13, 2009, the clerk's office informed Plaintiffs' attorney that the minor child's name should be redacted from the original Complaint, Summons, and Civil Cover Sheet.  Plaintiffs' attorney filed a motion for leave to substitute the redacted versions on July 17, 2009.  The Court granted Plaintiffs' motion on July 23, 2009, substituting the redacted versions for the original documents.  The Court's order stated that the filing date of the complaint shall remain July 10, 2009.  Summons was reissued on July 23, 2009.

Both parties agree that the statute of limitations period for a claim of loss of consortium is one year from the date of A.J.'s death.  Ky. Rev. Stat. Ann. §§ 411.135, 413.140(1)(a).  Therefore, the statute of limitations period expired on July 15, 2009.  Defendant argues that because Plaintiffs' summons was not issued until July 23, 2009, their claim for loss of consortium is barred.  Plaintiffs assert that the action was commenced on July 10, 2009, when the original complaint and summons were filed and issued.  This occurred five days before the

statute of limitations period expired.

"It has long been the rule in Kentucky that issuance of process within the limitations period is necessary in order to commence an action." *Nanny v. Smith*, 260 S.W.3d 815, 816 (Ky. 2008) (internal citations omitted). Commencement of an action occurs "on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." Ky. Rev. Stat. Ann. § 413.250. The original complaint and summons in this case were filed and issued in good faith. The fact that they were later amended under the direction of the clerk's office to correct an oversight does not change the outcome. In *Hausman's Adm'r v. Poehlman*, the Kentucky Supreme Court upheld a claim even though summons had been reissued, to correct an address, after the statute of limitations had expired. 236 S.W.2d 259, 260 (Ky. 1951). The Court found that "the facts fail to show that the first summons was not issued in good faith in spite of the fact that by exercising greater diligence than was exercised the correct address of the appellee could have been discovered." *Id.* Likewise, in *Jones v. Baptist Healthcare System, Inc.*, the fact that the plaintiffs' first summons was negligently served on the wrong agent and had to be reissued, was not time barred because there was no evidence that it was not initially issued in good faith. 964 F.W.2d 805, 807 (Ky. Ct. App. 1997).

The Court believes that the same standard applies in this case. The fact that Plaintiffs' attorney did not redact the name of the minor child in the complaint was, at most, a possible oversight of a confidentiality rule required in federal court because pleadings are placed on the internet. This issue arises frequently and is most often handled in the exact manner that it was in this case. There is no evidence that the original summons was not issued in good faith. The complaint and summons were delivered to the clerk's office in a timely fashion. Because the

summons was originally issued on July 10, 2009, it falls within the statute of limitations period, and the claim for loss of consortium is not time-barred. Certainly if Defendant had known the procedural history, it would not have pled this motion.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings is **DENIED**.