UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-129

SUSAN JOHNSON and KEVIN JOHNSON, as
Co-Administrators of the Estate of A.J., deceased, and
SUSAN JOHNSON, individually and
KEVIN JOHNSON, individually                                    PLAINTIFFS

v.

BAD BOY ENTERPRISES, LLC,
d/b/a BAD BOY BUGGIES                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for Protective Order (Docket #30). Plaintiffs have responded (Docket #32). Defendant has replied (Docket #34). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

## DISCUSSION

Plaintiffs filed suit against Bad Boy Enterprises, LLC alleging that Defendant's Bad Boy Buggy caused the death of their eleven year old son, A.J. This action is presently in the discovery phase of litigation. Defendant has requested a protective order against responding to Plaintiffs' Interrogatory No. 22, which states:

> Identify the make and/or model of each and every other Bad Boy Buggy that is compatible to the "Subject Bad Boy Buggy," which you manufacture, design, distribute, inspect and/or provide components. How long has the Bad Boy Buggy been on the market and what are its costs, and total gross sales and profits that have been generated for Defendant and its subsidiaries from the sales of the Bad Boy Buggy, including all gross sales, profits and costs following any alterations of component parts following the Bad Boy Buggy's initial distribution.

Although Defendant has responded in part to this interrogatory, Defendant requests a protective order against responding to the costs, gross sales and profits portion, arguing that it is irrelevant,

unlikely to lead to any relevant information, highly sensitive and proprietary, and would be detrimental to Defendant such information became public.

The scope of discovery extends to all matters which are relevant or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may grant a motion for protective order when it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The moving party must certify that he or she has made a good faith attempt "to resolve the dispute without court action." *Id.* The Court may enter an order forbidding or limiting discovery and disclosure, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c)(1)(G).

The parties have made a good faith effort to resolve this dispute. Further, Defendant has shown good cause exists for a protective order in that release of the costs, sales, and profits data could be detrimental to Defendant's business. Therefore, the Court's analysis turns to the relevance of Plaintiffs' requests. Plaintiffs' response fails to explain how the financial information sought from Defendant is relevant or likely to lead to the discovery of admissible evidence. Plaintiffs only assert that they would like to make submissions to the Consumer Products Safety Commission, and they will not agree in advance that trial exhibits will be non-public. The Court fails to see the relevance of the Consumer Products Safety Commission submission to this action, and the public availability of trial exhibits is similarly unrelated to the issue of relevance. Therefore, the Court will grant Defendant's motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Protective Order is GRANTED.